UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DARRELL ROGERS,

    Plaintiff,

v.

MIAMI DREAMS REALTY, INC., and
PATRICIA SCHILLE HUBALEK,

    Defendants.
_____/

**COMPLAINT**
**and**
**JURY DEMAND**

Plaintiff, Darrell Rogers, by and through his undersigned attorneys, files this Complaint for injunctive and declaratory relief, damages, costs, and attorneys' fees against Defendants, Miami Dreams Realty, Inc. and Patricia Schille Hubalek, and as good grounds alleges as follows:

**PRELIMINARY STATEMENT**

1. This action arises as a result of Defendants' discriminatory actions perpetrated against families with children with respect to the rental of a condominium unit located in Miami Beach, FL (the "Dwelling").

2. Specifically, Defendants have violated the Fair Housing Act by, among other things: 1) refusing to negotiate for the rental of the Dwelling with Mr. Rogers, because of his familial status; 2) unlawfully steering Mr. Rogers, because of his familial status; and 3) otherwise making the Dwelling unavailable and denying the Dwelling to Mr. Rogers, because of his familial status.

- 2 -

**JURISDICTION AND VENUE**

3. Jurisdiction is invoked pursuant to 42 U.S.C. § 3613(a), in that Plaintiff asserts his claims of housing discrimination in a civil action, and also pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 2201, in that this is a civil action seeking to redress the deprivation of the right to fair housing secured to Plaintiff by the Fair Housing Act.

4. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. Plaintiff seeks permanent injunctive relief pursuant to Rule 65, Federal Rules of Civil Procedure.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) in that the subject property is located in this district, the events and/or omissions giving rise to the claims herein occurred in this district, and the Defendants conduct business in this district.

**PARTIES**

6. Plaintiff, Darrell Rogers, is the father of two young children. Mr. Rogers is deeply committed to fair housing and the goals of the Fair Housing Act.

7. Mr. Rogers serves as a fair housing tester who seeks to enforce fair housing laws so that people are protected from discriminatory housing practices. Mr. Rogers attempts to accomplish these goals by engaging in testing for fair housing violations and pursuing enforcement of meritorious claims, among other things. In this capacity, Mr. Rogers poses as a renter or purchaser for the purpose of collecting evidence of discriminatory housing practices, without intent to rent or purchase a home. At all relevant times, Mr. Rogers was acting in this capacity as a tester when he conducted an investigation into the discriminatory actions perpetuated by Defendants.

8. Mr. Rogers was and continues to be adversely affected by the acts, omissions, policies, and practices of the Defendants.

9. Defendant, Miami Dreams Realty, Inc., is a Florida Profit Corporation.

10. Defendant, Patricia Schille Hubalek, is an individual who is and was an agent of Defendant Miami Dreams Realty, Inc. at all relevant times.  Defendant Hubalek is a licensed real estate sales associate, who has been educated, trained, and tested in fair housing laws.

## FACTUAL ALLEGATIONS

11. While investigating discrimination in the housing market in September 2018, Mr. Rogers encountered an advertisement for the rental of the Dwelling on Defendant Miami Dreams Realty, Inc.'s website.  The advertisement stated, among other things: "ideal for a couple or single person."

12. This statement indicates an unlawful preference and prompted Mr. Rogers to engage in further investigation.

13. Mr. Rogers reviewed the Florida Commission on Human Relations's 55-and-over Community listings.  As a result of his investigation, he determined that the Dwelling was not located in a community listed as a registered 55-and-over community.

14. As part of Mr. Rogers's fair housing testing efforts as described above, Mr. Rogers, posing as a potential renter, responded to the advertisement by phone, and attempted to negotiate for the rental of the Dwelling with Defendants by inquiring whether the Dwelling was available to be rented.

15. Defendants confirmed that the Dwelling was available, and provided Mr. Rogers with general details about the Dwelling's availability.

16. Having confirmed that the Dwelling was available for rental, and in order to test Defendants' willingness to negotiate with him for the rental of the Dwelling after learning about

his familial status, Mr. Rogers noted the language in the advertisement and specifically inquired whether families with children were permitted to rent the Dwelling.

17. Defendants responded by reaffirming the discriminatory statements in the advertisement, exaggerating the drawbacks of the Dwelling for families with children, and suggesting that the Dwelling would not be appropriate for Mr. Rogers or other families with children. Defendants then attempted to steer Mr. Rogers to other units, because of his familial status.

18. As an individual who is dedicated to combating discrimination and advancing fair housing, and as a father of two young children, Mr. Rogers was insulted, angered and emotionally distressed that Defendants were refusing to negotiate with him for the rental of the Dwelling because of his familial status; unlawfully steering him to other units, because of his familial status; and were otherwise making unavailable and denying the Dwelling to him, because of his familial status, nearly thirty years since such practices were outlawed, in blatant disregard for the Fair Housing Act.

19. Mr. Rogers has spent a significant amount of time thinking about other families who may have been turned away or discouraged from inquiring about a housing opportunity at the Dwelling because of their familial status, and while doing so, has felt the aforementioned emotions.

20. Defendants' unlawful conduct proximately caused Mr. Rogers to suffer the aforementioned emotions, which have manifested into stress, and unpleasant rumination about the difficulties that families with children have with finding suitable housing.

21. Consistent with his fair housing testing efforts, Mr. Rogers has a practice of continuing to monitor and test those entities and individuals found to have been discriminating.

- 5 -

To those ends, Mr. Rogers has continued his monitoring efforts of Defendants and their agents in order to determine their ongoing compliance with the Fair Housing Act, and will continue to do so throughout the pendency of this matter and after its conclusion.

## COUNT 1:
## VIOLATION OF THE FAIR HOUSING ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as if fully set forth herein.

23. Defendants are liable to Plaintiff for all injuries caused by the Fair Housing Act violations committed by Defendants and their agents.

24. Defendant Miami Dreams Realty, Inc. authorized Defendant Patricia Schille Hubalek to act for it when she committed the Fair Housing Act violations alleged herein. Defendant Patricia Schille Hubalek accepted the undertaking of acting on behalf of Defendant Miami Dreams Realty, Inc. when she committed the Fair Housing Act violations alleged herein. Defendant Miami Dreams Realty, Inc. had control over Defendant Patricia Schille Hubalek when she committed the Fair Housing Act violations alleged herein.

25. Specifically, Defendants have violated the Fair Housing Act by, among other things: by, among other things, 1) refusing to negotiate for the rental of the Dwelling with Mr. Rogers, because of his familial status; 2) unlawfully steering Mr. Rogers, because of his familial status; and 3) otherwise making the Dwelling unavailable and denying the Dwelling to Mr. Rogers, because of his familial status.

26. A discriminatory purpose, not any legitimate reason, was a motivating factor behind Defendants' aforementioned discriminatory actions and/or omissions.

27. As a result of Defendants' actions – committed despite being engaged in the business of real estate – Plaintiff has suffered, is continuing to suffer, and will in the future suffer

- 6 -

irreparable loss and injury including, but not limited to, emotional distress and insult, and a real and immediate threat of future discrimination by Defendants.

28.  Defendants' unlawful conduct and actions constitute direct evidence of discrimination and proximately caused Mr. Rogers's damages as described above.  Mr. Rogers was and continues to be adversely affected by the acts, omissions, policies, and practices of the Defendants.

29.  In engaging in this unlawful conduct described above, Defendants acted recklessly or intentionally.  This is evidenced, in part, by the fact that Defendants are licensed real estate professionals, who have been educated, trained, and tested in fair housing laws; and despite such education, training, and testing, chose to engage in unlawful discrimination.

30.  As a tester who has been treated in a discriminatory fashion by Defendants, Mr. Rogers has suffered an injury in precisely the form the Fair Housing Act was intended to guard against, and therefore he has standing to maintain his claims under the Act's provisions.

31.  Accordingly, Plaintiff is aggrieved by Defendants' discriminatory actions in violation of the Fair Housing Act.

WHEREFORE, Plaintiff respectfully requests that the Court:

A.  declare the actions and/or omissions of Defendants complained of herein to be in violation of the Fair Housing Act;

B.  enter a permanent injunction enjoining Defendants, their successors, and their servants, agents and employees, and all those acting in concert with them, from engaging in discrimination based on familial status;

C.  enter a permanent injunction compelling Defendants their successors, and their servants, agents and employees, and all those acting in concert with them, to adopt policies,

procedures and practices, which will ensure that they refrain from discrimination based on familial status;

      D.     enter a permanent injunction compelling Defendants, their successors, and their servants, agents and employees, to participate in housing discrimination training.

      E.     award compensatory and punitive damages to Plaintiff against Defendants for, among other things, the emotional distress and insult injury caused by Defendants' discriminatory actions;

      F.     award Plaintiff his costs and reasonable attorneys' fees in this action; and

      G.     award Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable in this matter.

Respectfully submitted,

Joshua A. Glickman, Esq.
Florida Bar No. 43994
josh@sjlawcollective.com
Shawn A. Heller, Esq.
Florida Bar No. 46346
shawn@sjlawcollective.com

Social Justice Law Collective, PL
974 Howard Ave.
Dunedin, FL 34698
(202) 709-5744
(866) 893-0416 (Fax)

Attorneys for the Plaintiff

By: _s/ Shawn A. Heller_
      Shawn A. Heller, Esq.